■ MORRIS M. ROSENBLOOM, Respondent, v. BUCHALTER CONTRACTING CORP., Appellant, and 1000 – 6TH AVENUE REALTY, INC., Respondent-Appellant. — Judgment of the Supreme Court, Queens County, entered June 7, 1971, affirmed insofar as appealed from, with costs to plaintiff, against both defendants. *Bernstein* v. *El-Mar Painting & Decorating Co.* (13 N Y 2d 1053) relied upon by appellant Buchalter Contracting Corp., is not in point. In that case the cross claimant was denied relief because its duty was a nondelegable one, and hence, like its contractor, was cast in the role of an active tort-feasor. At bar, no nondelegable duty, was imposed upon the landlord cross claimant, and it was a passive, as distinguished from an active, tort-feasor who, in *Bernstein,* "concurred in the wrong." Rabin, P. J., Hopkins, Latham and Shapiro, JJ., concur; Martuscello, J., dissents and votes to reverse and to dismiss the main complaint as to defendant 1000 – 6th Avenue Realty, Inc., with the following memorandum: I vote to reverse and to dismiss the complaint as against defendant 1000 – 6th Avenue Realty, Inc., and also to vacate the judgment over against defendant Buchalter Contracting Corp. Under the facts of the instant case, Buchalter Contracting Corp. must be deemed to have been an independent contractor. Inasmuch as the evidence indicates that plaintiff sustained injury as a result of the negligence of Buchalter in the performance of its contract, and as there is no proof that defendant 1000 – 6th Avenue Realty, Inc., had either actual or constructive notice of the negligent condition, only defendant Buchalter is liable for the injury sustained by the plaintiff.

■ JOSEPH RUSSO et al., Respondents, v. CITY OF NEW YORK et al., Appellants, and MAURICE ELOVITZ et al., Defendants.— In a malpractice action to recover damages for personal injury and loss of services, defendants appeal from a judgment of the Supreme Court, Kings County, rendered June 25, 1971, upon a jury verdict in favor of plaintiff Joseph Russo for $100,000, and in favor of plaintiff Marie Russo for $25,000, after a trial limited to the issue of damages. Judgment reversed on the facts and a new trial granted limited to the issue of damages, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff Joseph Russo shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor to $45,000 and to the entry of an amended judgment in accordance therewith, and plaintiff Marie Russo shall similarly serve and file a written stipulation consenting to reduce the verdict in her favor to $5,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict in favor of plaintiffs was excessive to the extent indicated herein. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.